NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1077


DELTA DEVELOPMENT, LLC

VERSUS

RAPID RESPONSE RESTORATION, LLC & BETTY JO DEARMON


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2012-0802-DIV. A
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.


AFFIRMED.

**Mitchel Mark Evans, II**
**Attorney at Law**
**416 North Pine Street**
**DeRidder, Louisiana 70634**
**(337) 462-5225**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Betty Jo Dermon**

**H. Alan McCall**
**Lynsay M. Fontenot**
**Stephen D. Polito**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, Louisiana 70602-2900**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Delta Development, LLC**

**CONERY, Judge.**

Defendant, Betty Jo Dearmon[1] ("Ms. Dermon"), appeals the final judgment rendered by the trial court on June 28, 2013, following a June 19, 2013 trial on the merits. The trial court found in favor of plaintiff, Delta Development, LLC ("Delta"), specifically finding that a valid sub-contractor's lien had been filed by Delta pursuant to the Louisiana Private Works Act (the Act), La.R.S. 9:4801-4855, to receive payment for labor and materials utilized in remodeling Ms. Dermon's home. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 4, 2012, Delta timely filed what is styled, "PETITION FOR MONEY JUDGMENT AND RECOGNITION OF LIEN AND PRIVILEDGE," against Rapid Response Restoration, LLC ("Rapid Response") and Ms. Dermon, in solido, seeking payment of $30,838.43 for construction work on Ms. Dermon's home.

Rapid Response was the general contractor hired to remodel a residential property owned by Ms. Dermon, which had been damaged by flooding. Rapid Response hired Delta as the sub-contractor to perform the actual remodeling and construction work on Ms. Dermon's home. Delta completed the work on June 8, 2012.

When Delta failed to receive payment for the completed construction work on Ms. Dermon's property, Delta timely filed a lien affidavit accompanied by the required invoices and exhibits, which were timely filed on August 2, 2012, in the Beauregard Parish mortgage records.

---

[1] At the trial on the merits held on June 19, 2013, counsel for Ms. Dearmon corrected the spelling of her name to Dermon. Therefore, we will refer to her as Ms. Dermon for the purposes of this opinion.

In response to Delta's petition, Ms. Dermon filed exceptions of no cause of action, prematurity, and a motion for summary judgment claiming the lien by Delta was not valid based on a lack of documentation necessary pursuant to La.R.S. 9:4822(G)(4).

On April 11, 2013, the trial court signed a judgment confirming Delta's default against Rapid Response, Ms. Dermon's co-defendant in solido, also in the amount of $30,838.34 plus interest from the date of judicial demand until paid, with pro rata costs of $7,700.00. The April 11, 2013 judgment further stated, "All Claims relating to costs and civil penalties deferred to trial against remaining co-defendant (Ms. Dermon) and determination of the validity of the lien."

Thus, Ms. Dermon's exceptions of no cause of action, prematurity, and motion for summary judgment relating to the validity of the lien were deferred by the trial court to the June 19, 2013 trial on the merits. Ms. Dermon's arguments to the trial court and in her briefing to this court are based on her assertion that the invoices referenced in the lien affidavit filed on August 2, 2012, for work completed on June 8, 2012, were not attached to the lien affidavit and that the invoices supporting the lien affidavit were not sufficiently descriptive of the work done and not properly filed in the Beauregard Parish mortgage records.

At the trial on June 19, 2013, Delta called as a witness Mr. Joe Seago, the managing member of Delta, who executed the affidavit at issue on behalf of Delta. At the close of Mr. Seago's testimony, Delta introduced into evidence the lien affidavit and accompanying invoices, along with recordation information showing the lien affidavit and invoices had been properly filed in the mortgage records.

Mr. Seago was the only witness called to testify, and he was not cross examined by counsel for Ms. Dermon. Ms. Dermon instead relied on her previous

2

argument contained in the exceptions and motion for summary judgment that the invoices were not properly attached to the lien affidavit and were not sufficiently descriptive of the work done. Mrs. Dermon did not offer any further evidence to the trial court to support her claim.

In oral reasons memorialized in a June 27, 2013 judgment, the trial court found that the lien was timely filed, and the invoices for the work were properly itemized and attached to the lien affidavit filed in the Beauregard Parish mortgage records. Ms. Dermon was held liable in solido with her contractor, Rapid Response, in the amount of $30,838.34 plus interest from the date of judicial demand until paid, with pro rata costs of $80.00.

Ms. Dermon's counsel filed what was termed an appeal from the trial court's June 27, 2013 judgment. Uniform Rules—Courts of Appeal, Rule 1-3, defines this court's scope of review and provides:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA–Const. Art. 5 § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

In her brief, Ms. Dermon did not assign any errors and prayed for relief from this court from a summary judgment rendered in favor of Delta. Such relief cannot be provided as Delta did not file such a motion. Delta's judgment against Ms. Dermon resulted from a trial on the merits. However, counsel for Ms. Dermon did argue in brief that the trial court's decision regarding the sufficiency of the lien affidavit was erroneous. Therefore, we will not dismiss the appeal and will examine the merits of the error discussed in the briefing submitted by Ms. Dermon, finding that in the interest of justice, Ms. Dermon's appeal is properly subject to

our review. *See Broussard v. Martin Operating P'ship*, 11-1559 (La.App. 3 Cir. 11/21/12), 103 So.3d 713, *writs denied*, 13-215, 13-249 (La. 3/15/13), 109 So.3d 383.

**LAW AND DISCUSSION**

***Standard of Review***

"[A]ppellate jurisdiction of a court of appeal extends to law and facts." La.Const. art. 5, § 10(B). The appellate court must determine whether the trial court committed an error of law or made a factual finding that was manifestly erroneous or clearly wrong. *Gibson v. State,* 99-1730 (La. 4/11/00), 758 So.2d 782, *cert. denied,* 531 U.S. 1052, 121 S.Ct. 656 (2000). The reviewing court must review the record in its entirety to make this determination. *Stobart v. State, Dep't of Transp. and Dev.,* 617 So.2d 880 (La.1993).

In its response to Ms. Dermon's appeal brief, Delta, as well as this court, is confused by the relief sought by Ms. Dermon as her brief does not comport with Uniform Rules—Courts of Appeal, Rule 2-12.4. The brief submitted fails to assign any errors for review; seeks reversal of a summary judgment which was never filed by Delta, but in fact was filed by Ms. Dermon, and deferred by the trial court to the trial on the merits; and attaches to the brief as its only exhibit the April 11, 2013 judgment against her co-defendant, Rapid Response.

Though Ms. Dermon's counsel attempts to argue on appeal that Delta's invoices supporting its lien were not properly attached to the lien affidavit and were not specific, Ms. Dermon did not specifically appeal or assign as error the factual finding made by the trial court on the issue of the validity of Delta's lien. The trial court stated as follows with respect to the validity of Delta's lien:

4

> Based on the information provided the affidavit states that the matter was substantially completed on June 8th, 2012 and this lien was filed on August 2, 2012, and the certified copy . . . identifies that all pages including both invoices and the summary of the invoices were filed as per the certified copy with all that thereby meeting any and all of the requirements for the materialman's lien therefore the court finds that this lien is a valid lien.

Nevertheless, Ms. Dermon's attempts to challenge the trial court's judgment based on the validity of the attachments to the lien affidavit are without merit. In *Hibernia National Development Bank v. Belleville Historic Dev*., L.L.C., 01-657, p. 7 (La.App 4 Cir. 3/27/02), 815 So.2d 301, 306, *writ denied*, 02-1177 (La. 6/14/02), 818 So.2d 785, a panel of our sister circuit discussed the Louisiana Private Works Act and the legislative intent, which is "to protect materialmen, laborers, and subcontractors who engage in construction and repair projects." The panel in *Hibernia* further found a technical objection to the lien, including the amount in dispute, was not sufficient to defeat the purpose of the Act. Likewise in this case, we find the trial court's specific finding that the invoices attached to the lien affidavit were legally sufficient to support the lien is entirely correct.

## CONCLUSION

We find no manifest error and affirm the trial court's judgment in favor of Delta Development, LLC and against Betty Jo Dermon and assess all costs of this appeal to Betty Jo Dermon.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.